# Bachman *v.* McMichael.

*Constitutional law—Courts—Courts of Philadelphia County— Consolidation—Act of June 11, 1913, P. L. 469.*

1. The Act of June 11, 1913, P. L. 469, consolidating the five Courts of Common Pleas of Philadelphia County into one court is unconstitutional.

2. Under Sections 4 and 6, of Article V, of the Constitution, the legislature has power to change the jurisdiction and powers of Courts of Common Pleas of Philadelphia County, and may also change the courts themselves, as specifically set forth in Section 6 of Article V, by increasing their number or increasing the number of their judges, but is without authority to destroy the Courts of Common Pleas so established in Philadelphia County by consolidating them into one court.

Argued October 24, 1913. Appeal, No. 635, Miscellaneous Docket No. 2, sur petition for writ of alternative mandamus in case of Samuel C. Bachman v. Charles B. McMichael, William C. Ferguson and Howard W. Davis. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Demurrer to petition overruled.

Petition for a writ of alternative mandamus to be

issued by the Supreme Court to the judges of the Court of Common Pleas, No. 3, for the County of Philadelphia, requiring them to show cause why they should not take exclusive jurisdiction of a cause assigned in the regular course of that court.

The opinion of the Supreme Court states the case.

*John G. Johnson,* for Samuel C. Bachman, petitioner. —The words "until otherwise directed by law," in the earlier and the last Constitution, are used in each with an entirely different context.

No interpretation of the meaning of words like those in the present Constitution, made under the context of the antecedent Constitutions, is applicable in the present.

The decisions under the earlier Constitutions were the direct result of an interpretation of those Constitutions which held them to confer express power to alter the Constitution of the specified establishment: Commonwealth v. Smith, 4 Binney 117; Commonwealth v. Flanagan, 7 Watts & Sergeant 68; Commonwealth v. Nathans, 2 Pa. 138; Kilpatrick v. Commonwealth, 31 Pa. 198; Foust v. Commonwealth, 33 Pa. 338.

Express power is conferred upon the legislature to increase the number of the courts. This carries with it the negation of any power to decrease. The increase, however, by the legislature, is subject to the provision requiring that the new courts shall be designated by successive numbers.

The power to increase the number of judges is further subject to the restriction that whenever it "shall amount in the whole to three, such three judges shall compose a distinct and separate court as aforesaid, which shall be numbered as aforesaid."

Nothing can be more widely different in context than Article V, Section 6, in the Constitution of 1874, and Article V, Section 4, in the prior Constitution. In the latter, a temporary establishment is provided for, subject

to contrary direction by law. In the former, the provision is a permanent, continuing one.

It is absolutely required, without any restriction or qualification as to the existence of the courts, that they shall be at least four in number, composed of at least three judges; that they may be increased, but that this increase shall be by the addition of courts: Commonwealth v. Green, 58 Pa. 226; Morgan v. Reel, 213 Pa. 81; Commonwealth v. Hipple, 69 Pa. 9; Commonwealth v. Bell, 4 Pa. Superior Ct. 187; Myers v. Commonwealth, 79 Pa. 308.

*Alex. Simpson, Jr.,* for defendants.—There is nothing in Section 6, of the Constitution, in antagonism, or suggested antagonism to Section 4.

The two sections are dealing with different matters, and each is complete in itself. Section 6 is dealing with the plan which the Constitution is providing for their commencement thereunder; that is, so long as there are separate Courts of Common Pleas, the plan is provided for their continuance as of three members each. Section 4 is dealing with the system tiself, that is, it shall be the old system as constitutionally changed by Section 6, "until otherwise directed by law."

Any other construction would make the words "until otherwise directed by law" in Section 4, absolutely meaningless; for if that section had said only "The Courts of Common Pleas shall continue as at present established, except as herein changed," then, as Section 6 furnishes a complete plan for the change, not only for the beginning with four courts of three judges each, but for all future judges who might be added to the courts, nothing else is needed for the opposite construction of that herein claimed.

The contention of the defendants is immeasurably strengthened by numerous decisions of this court under the Constitutions of 1790 and 1838, which contain language almost identical with that of Article V, Section 4,

of the existing Constitution: Com. v. Allegheny County, 32 Pa. 218; Cronise v. Cronise, 54 Pa. 255; Booth v. Miller, 237 Pa. 306; Moers v. Reading, 21 Pa. 188; Com. v. Mathues, 210 Pa. 372; Pittsburgh v. Railroad Co., 205 Pa. 13; Com. v. Zephon, 8 W. & S. 382; Com. v. Martin, 2 Pa. 244; Kilpatrick v. Com., 31 Pa. 198; Foust v. Com., 33 Pa. 338; Com. v. Gamble, 62 Pa. 343; In Application of the President Judges of the Eighth and Tenth District, 64 Pa. 33; Com. v. Hipple, 69 Pa. 9; Myers v. Com., 79 Pa. 308; Com. v. Bell, 4 Pa. Superior Ct. 187; Morgan v. Reel, 213 Pa. 81; Gottschall v. Campbell, 234 Pa. 347; Com. v. Johnson, 236 Pa. 412; Com. v. Hopkins, 241 Pa. 213.

OPINION BY MR. JUSTICE BROWN, November 7, 1913:

By the sixth section of the judiciary article of the Constitution, which went into effect January 1, 1874, there were established in Philadelphia County four distinct and separate Courts of Common Pleas of equal and coordinate jurisdiction, and in pursuance of the provisions of that section, the legislature in 1903 increased the number of said courts to five. On June 11, 1913, the governor of the Commonwealth approved an act consolidating these five Courts of Common Pleas into one. The question for determination in this proceeding is the constitutionality of that act. If it be legislation not forbidden by the Constitution, this petition must be dismissed but if, on the other hand, it is forbidden by that instrument, the relief prayed for cannot be withheld.

The determination of the question before us depends upon the meaning to be given to the words of the fourth and sixth sections of Article V, of the Constitution. They are as follows: "Section 4. Until otherwise directed by law, the Courts of Common Pleas shall continue as at present established, except as herein changed; not more than four counties shall, at any time, be included in one judicial district organized for said courts." "Section 6. In the counties of Philadelphia and Alle-

gheny all the jurisdiction and powers now vested in the District Courts and Courts of Common Pleas, subject to such changes as may be made by this Constitution or by law, shall be in Philadelphia vested in four, and in Allegheny in two, distinct and separate courts of equal and co-ordinate jurisdiction, composed of three judges each; the said courts in Philadelphia shall be designated respectively as the Court of Common Pleas Number One, Number Two, Number Three and Number Four, and in Allegheny as the Court of Common Pleas Number One and Number Two; but the number of said courts may be by law increased, from time to time, and shall be in like manner designated by successive numbers; the number of judges in any of said courts, or in any county where the establishment of an additional court may be authorized by law, may be increased from time to time, and whenever such increase shall amount in the whole to three, such three judges shall compose a distinct and separate court as aforesaid, which shall be numbered as aforesaid. In Philadelphia all suits shall be instituted in the said Courts of Common Pleas without designating the number of said court, and the several courts shall distribute and apportion the business among them in such manner as shall be provided by rules of court, and each court, to which any suit shall be thus assigned, shall have exclusive jurisdiction thereof, subject to change of venue, as shall be provided by law. In Allegheny each court shall have exclusive jurisdiction of all proceedings at law and in equity, commenced therein, subject to change of venue as may be provided by law." It is insisted that the legislative authority for the passage of the Act of June 11, 1913, is found in the above quoted fourth section of the judiciary article, the contention being that its words mean that the five distinct and separate Courts of Common Pleas constitutionally established in Philadelphia must cease to exist when "otherwise directed by law"—by an act of the legislature. In support of this

view we are referred to Com. v. Zephon, 8 W. & S. 382;
Com. v. Martin, 2 Pa. 244; Kilpatrick v. Com., 31 Pa.
198; Foust v. Com., 33 Pa. 338; Com. v. Gamble, 62 Pa.
343, and other cases in which our predecessors discussed
the legislative power over the organization and control
of courts as conferred by the Constitutions of 1790 and
1838. Those discussions, though interesting, are not
helpful to us in this proceeding, for we do not regard
them as pertinent to the sections of the present Consti-
tution upon which reliance is placed in support of the
validity of the Act of 1913. The Constitution of 1790
provided that "until otherwise directed by law" the
several Courts of Common Pleas in the Commonwealth
should be established in the manner therein stated. It
temporarily established those courts, to be changed
whenever the legislature might so direct. No other
meaning could have been given to its words, "until it
shall be otherwise directed by law the several courts
of the Commonwealth shall be established in the fol-
lowing manner." In the face of these plain and unmis-
takable words there could have been no doubt as to the
power of the legislature to change and reorganize the
courts thus temporarily established by the Constitution
of 1790. The same may be said of Section 3, Article V,
of the Constitution of 1838, which provided that "until
otherwise directed by law, the Courts of Common Pleas
shall continue as at present established. Not more than
five counties shall at any time be included in one judicial
district organized for said courts."

It is first to be noted that the fourth section of the
judiciary article in our present Constitution differs
from the quoted sections of the Constitutions of 1790
and 1838 in that there appear in it words not found in
them. Those words are "except as herein changed."
But for the context in connection with which these
words must be read, it may fairly be argued that the
section of which they form a part ought to be construed
as this court construed the third section of Article V,

of the Constitution of 1838, for the added words "except as herein changed" might well leave the meaning of the section to be that the Courts of Common Please as established should continue as changed by the Constitution until the legislature should direct otherwise, and the old cases relied upon to sustain the Act of 1913 might be controlling. If, however, it clearly appears from what follows the fourth section that the changes made in establishing the four courts in Philadelphia County were to be permanent and beyond legislative interference, the Act of 1913 is a transgression of legislative power. This is not to be questioned. Turning to the sixth section of Article V, of the Constitution, what is the unmistakable will of the people as therein expressed in connection with the establishment in the County of Philadelphia of the four distinct and separate courts of equal and co-ordinate jurisdiction? The District Courts and the one Court of Common Pleas which existed at the time of the adoption of the Constitution are abolished and superseded by the said four courts. These courts succeeded to all the jurisdiction and powers of the abolished courts, and that jurisdiction and those powers the legislature may change, for such permission is expressly given in the sixth section; but no permission is there found to change the establishment of the said courts,— to decrease them or to destroy them, nor is it provided that they are to continue only "until otherwise directed by law." Their establishment is permanent. Their jurisdiction and powers alone may be changed, but the Act of June 11, 1913, wipes them out of existence and substitutes for them—five constitutional courts—a legislative one. This cannot be, unless the Constitution is not to be supreme in all legislation and controlling with us in passing upon it. Legislative authority to change the jurisdiction and powers of a court is not authority to destroy it. Its continued permanent existence is implied in the authority given to the legislature to change its jurisdiction and powers. After establish-

ing the four—now five—Courts of Common Pleas in Philadelphia County, it is provided that the number of said courts may be by law increased from time to time and shall be in like manner designated by successive numbers; that the number of judges in any of said courts may be increased from time to time, and that whenever the increase of said judges shall amount in the whole to three, such three judges shall compose a distinct and separate court to be numbered as aforesaid. The purpose of this provision was to warn the legislature that the power conferred upon it had a limitation whenever it might undertake to change the establishment of the Courts of Common Pleas in Philadelphia County, for, after permitting it to change the jurisdiction and powers of those courts, what, and what only, it may do in changing the courts themselves, is specifically set forth. It may increase their number, and it may increase the number of their judges. It may not, however, do so under general authority conferred by the fourth section, but under the authority specifically given by the sixth, and only in the manner therein provided. If the fourth section conferred upon the legislature the power claimed for it, what need was there for the permission given in the sixth to increase the number of the courts in Philadelphia County and the number of their judges? With the entire judiciary article of the Constitution before us in Com. v. Hyneman, we held that the changes permitted by the sixth section could be made only in the manner therein directed. By that section the legislature is as clearly forbidden by implication to do what it attempted to do by the Act of 1913, now under consideration, as if the prohibition appeared in express words. That the people intended this prohibition conclusively appears in what they did in 1909. In that year they amended the sixth section of Article V, of the Constitution, by consolidating the several numbered Courts of Common Pleas of Allegheny County into one; but it may again be asked, Why this action by the people

in their sovereign capacity, if they had previously permitted the same result to be reached by mere legislative action? If it required authority directly from the people to consolidate the four courts of Allegheny County into one, the same authority alone can consolidate the five courts of Philadelphia County into one; and this cannot be doubted, especially when it is remembered that by the amendment of 1909 the Courts of Common Pleas of Philadelphia County, as originally established in 1874, were re-established in the same words that were used for their establishment thirty-five years before. The courts so re-established by the Constitution are to be abolished only by an amendment to the Constitution, and until they are so abolished, their existence is safe from legislative interference, which is limited to action relating solely to their jurisdiction and powers. This clear distinction was overlooked by the legislature in the passage of the Act of June 11, 1913. That act violates the Constitution "clearly, palpably, plainly; and in such manner as to leave no doubt or hesitation on our minds": Sharpless v. Mayor of Philadelphia, 21 Pa. 147. Our duty is, therefore, to pronounce it void. The demurrer is overruled, but we shall not direct the issuance of the writ prayed for, for each respondent now knows that he will continue to be a judge of a distinct and separate Court of Common Pleas in and for the County of Philadelphia.