# Gerlach, Appellant, *v.* Moore.

*Constitutional law—Courts—Municipal Court of Philadelphia County—Act of July 12, 1913, P. L. 711.*

1. The Constitution of Pennsylvania in express language gave the legislature power to create from time to time courts other than those enumerated in the organic law, and this power, having been expressly conferred in the first section of the judiciary article, nothing contained in the subsequent sections of the article dealing with the organization, jurisdiction and powers of courts is sufficient to deprive the legislative branch of government of the power to create courts of a different class or grade from those expressly enumerated.

2. Under the earlier constitutions the Supreme Court consistently held the view that the legislature had power to divest the courts enumerated in the Constitution of some of their jurisdiction, and vest it in courts from time to time established, or to vest a limited concurrent jurisdiction in courts thus created. Nothing contained in the present Constitution requires a departure from the settled rule of construction under the earlier cases.

3. Section 26, of Article V, of the Constitution, which provides: "All laws relating to courts shall be general, and of uniform operation, and the organization, jurisdiction and powers of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process and judgments of such courts, shall be uniform," requires uniformity only as to courts of the same class or grade, and where a new court is established, which differs essentially in its jurisdiction or powers from other courts, it is a court of a different class or grade, and the requirement of uniformity with other courts is not operative.

4. Under the Constitution of Pennsylvania the legislature has power to create a court for Allegheny County and another court of a different class or grade for Philadelphia County according to their respective needs.

5. If a court is lawfully created and has a legal existence for its primary purposes, the public authorities cannot be enjoined from providing suitable accommodations on the ground that some provisions of the act may contain doubtful grants of power.

6. By the Act of July 12, 1913, P. L. 711, the legislature of Pennsylvania created a municipal court for the county of Philadelphia, giving it powers and jurisdiction different from the Courts of Common Pleas, although in part concurrent therewith, and

different from the county court of Allegheny County. Upon a bill in equity filed by a taxpayer to restrain the county commissioners from paying money of the county in making provision for the holding of such court, the lower court sustained the constitutionality of the act and dismissed the bill. *Held,* no error.

MESTREZAT and STEWART, JJ., dissent.

Argued Jan. 5, 1914. Appeal, No. 376, Jan. T., 1914, by plaintiff, from decree of C. P. No. 4, Philadelphia Co., Sept. T., 1913, No. 4754, sustaining demurrer and dismissing bill in equity in case of Henry Gerlach v. Robert J. Moore, John T. Powers and Frank J. Gorman, County Commissioners for the City of Philadelphia, Defendants, and the Commonwealth of Pennsylvania, Intervening Defendant. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity by a taxpayer to restrain county commissioners from expending funds of the county to make provision for the holding of the Municipal Court of Philadelphia County. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

The defendants demurred to the bill. The court sustained the demurrer and dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*John H. Fow,* and *Henry M. Stevenson,* for appellant. —Section 10 of the Act of July 12, 1913, violates Article V, Section 6, of the Constitution in that it provides for the institution of suits in the Municipal Court which are now within the exclusive jurisdiction of the Courts of Common Pleas.

Section 10 of the act enables a party plaintiff to oust absolutely and without appeal the constitutional jurisdiction of the Common Pleas in certain cases fixed by a pecuniary limit, in violation not only of Section 6, Ar-

ticle V, but also in violation of Section 26, Article V, of the Constitution.

Section 10 of the act empowers a majority of the judges of any court of Common Pleas in Philadelphia County to transfer any case brought in that court to the said county court and involves a surrender of the right of a majority of said court to exercise the powers vested in the judges of the Common Pleas of Philadelphia County and a divestiture of the rights and powers of the minority judge as distinguished from the court in violation of Section 26, Article V, of the Constitution, by creating a court to exercise the powers vested by the Constitution in the judges of the Court of Common Pleas: Com. v. Green, 58 Pa. 226.

The title of the act is defective in that it does not contain any allusion to that part of the act which confers upon the Courts of Common Pleas the right to divest themselves and their colleagues of the jurisdiction and powers and confer the same upon the judges of the Municipal Court, and in that while the act deprives the Court of Quarter Sessions of jurisdiction in certain cases there is nothing in the title having any reference thereto: Ruan Street, 132 Pa. 257; In re Wyoming Street, 137 Pa. 494. .

The act violates Section 6, Article I, of the Constitution, by attaching burdensome conditions to the exercise of the right of trial by jury: Mansfield's Case, 22 Pa. Superior Ct. 224.

Section 4 of the act violates Section 13, Article III, of the Constitution, providing that "No law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment:" McCormick v. Fayette County, 150 Pa. 190; Levan v. Carbon County, 1 Pa. D. R. 375; Apple v. Crawford Co., 105 Pa. 300; Donohugh v. Roberts, 15 Philadelphia 144; Fox v. Lebanon County, 4 Pa. C. C. R. 393; Carpenter v. Lancaster, 4 Del. County 63; Baldwin v. Philadelphia, 99 Pa. 164; Rupert v. Chester

Co., 13 Pa. C. C. R. 342; Peeling v. York Co., 113 Pa. 108; Judges' Compensation, 4 Pa. C. C. R. 596; Gift v. Allentown, 37 L. I. 332; Russell v. Williamsport, 9 Pa. C. C. R. 129; Wren v. Luzerne County, 6 Kulp 37; Young v. Bradford County, 7 Pa. C. C. R. 428; Reid v. Smoulter, 128 Pa. 324; Guldin v. Schuylkill Co., 149 Pa. 210; Commonwealth v. Comrey, 149 Pa. 216.

Section 9 of the act violates Section 6, Article III, of the Constitution, providing that "No law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length": Donohugh v. Roberts, 11 W. N. C. 186; Mellor v. Pittsburgh, 201 Pa. 397; Wells v. Buffalo, 14 Hun. 438; Woodward v. Wilkes-Barre, 4 Kulp 125; Titusville Iron Works v. Oil Co., 122 Pa. 627; Barrett's Appeal, 116 Pa. 486; Com. v. Halstead, 1 Pa. C. C. R. 335; 2 C. P. Rep. 247; Washington Boro. v. McGeorge, 146 Pa. 248; Durr v. Com., 3 Pa. C. C. R. 525; Krause v. Railroad Co., 20 W. N. C. 111; Pottstown Boro. Extension, 1 Montg. County 189; Lansdale Boro. Extension, 1 Montg. County 192; Clearfield County v. Overseers, 135 Pa. 86; Millvale Boro. v. Railway Co., 131 Pa. 1; Com. v. Bender, 7 Pa. C. C. R. 620; Reid v. Smoulter, 128 Pa. 324; East Grant Street, 121 Pa. 596; Donohugh v. Roberts, 15 Philadelphia 144; Shoemaker v. Harrisburg, 4 Pa. C. C. R. 86; Doud v. Ins. Co., 6 Pa. C. C. R. 329; Phillips's Est., 6 Pa. C. C. R. 499; Swaney v. Oil Co., 7 Pa. C. C. R. 351; Com. v. Mercer, 9 Pa. C. C. R. 461; Oakley v. Oakley, 1 Pa. D. R. 781; Burdick v. Burdick, 2 Pa. D. R. 622; In re Emsworth Boro., 5 Pa. Superior Ct. 29.

Sections 11 and 13 of the act violate Section 7, Article 7, of the Constitution, which provides that the general assembly shall not pass any local or special law "regulating the practice or jurisdiction or changing the rules of evidence in any judicial proceeding......"

Section 10 of the act is unconstitutional as being a

local law providing for the change of venue in civil cases and also a local law regulating procedure: Felts v. R. R. Co., 195 Pa. 21; Wattson v. Chester & Delaware R. R. Co., 83 Pa. 254; Philadelphia v. Ry. Co., 143 Pa. 444.

*John G. Johnson,* with him *John C. Bell,* Attorney General, *George Quintard Horwitz,* and *James Gay Gordon,* for appellees.—The legislature had power to provide in Philadelphia a court different from the courts of other counties and to invest the same with some of the jurisdiction theretofore possessed by the Courts of Common Pleas and Quarter Sessions: Gottschall v. Campbell, 234 Pa. 347.

After the Allegheny court had been established the legislature was not unable to create in Philadelphia County a special court other than one similar to the Allegheny court. The Constitution recognizes that the County of Allegheny may need special courts; that the County of Philadelphia may need special courts and that the residue of the counties may need special courts; but the fact that a special court is needed for Allegheny County does not determine that the same kind of a court is needed for Philadelphia County or for any one of the other counties of the State.

Sections 4, 9 and 11, Paragraph B, of the Act of July 12, 1913, do not violate Section 6, Article III, of the Constitution: Garrett v. Turner, 235 Pa. 383; Searight's Est., 163 Pa. 210; Gilbert's Est., 227 Pa. 648; James Smith Woolen Machinery Co. v. Browne, 206 Pa. 543; In re Greenfield Ave., 191 Pa. 290; Com. v. Samuel Black Co., 223 Pa. 74; Clarion County v. Clarion Township, 222 Pa. 350; McKeown's Petition, 51 Pa. Superior Ct. 277; Davis v. Moore, 50 Pa. Superior Ct. 494; Com. v. Hopkins, 241 Pa. 213.

The objection that added duties are imposed upon the clerk of the Quarter Sessions and sheriff of Philadelphia County and upon the prothonotary, is of no im-

portance, as the additional duties required can be performed by assistants provided for in the act, but at all events the provisions of the act imposing these duties, cannot be attacked in a collateral proceeding: Com. v. McCombs, 56 Pa. 436.

The contention that sections 10 and 13 relate to the transfer of cases from the Common Pleas to the Municipal Court and of the trial of certain criminal cases in the Municipal Court at the election of the district attorney is in violation of Article III, Section 23, and Article III, Section 7, of the Constitution, relative to the change of venue is without merit: Little v. Wyoming County, 214 Pa. 596.

OPINION BY MR. JUSTICE ELKIN, January 9, 1914:

The argument of appellant is a challenge to the power of the legislature to create the new Municipal Court under the provisions of the Act of July 12, A. D. 1913, P. L. 711. The vital and controlling questions raised by this appeal have been decided adversely to the contentions of appellant by this court in two recent cases: Gottschall v. Campbell, 234 Pa. 347; Com. v. Hopkins, 241 Pa. 213. The last case cited was an appeal from the Superior Court and the order of that court was affirmed here on the opinion of Judge HEAD. What was decided in these cases must be accepted as settled law if the doctrine of stare decisis is to have any binding force in determining questions involving constitutional construction in our State. The questions raised in the cases cited were not free from doubt or difficulty, and there was and is a difference of opinion as to the proper interpretation of the constitutional provisions involved. These doubts were resolved in favor of the constitutionality of the Allegheny County Court Act, and in sustaining that act it was necessary to consider and decide most of the questions raised by the present appeal. It would serve no useful purpose to travel over the ground again by elaborating the discussion and emphasizing the

views so well expressed by Brother POTTER of our own court in the Gottschall case, and by Judge HEAD of the Superior Court in the Hopkins case. The basic principle of these decisions was that the Constitution in express language gave the legislature power to create from time to time courts other than those enumerated in the organic law, and this power having been expressly conferred in the first section of the judiciary article, nothing contained in the subsequent sections of the article dealing with the organization, jurisdiction and powers of courts, was sufficient to deprive the legislative branch of government of the power to create courts of a different class or grade from those expressly enumerated. The power to create "such other courts as the general assembly may from time to time establish" is the same in the constitutions of 1790, 1838 and 1874. Under the earlier constitutions this power was challenged by proceedings in court, as it is now, but this court consistently held the view that the legislature had the power to divest the courts enumerated in the Constitution of some of their jurisdiction and vest it in courts from time to time established, or may vest a limited concurrent jurisdiction in courts thus created: Com. v. Zephon, 8 W. & S. 382; Com. v. Martin, 2 Pa. 244; Com. v. Green, 58 Pa. 226; In re Application of Judges, 64 Pa. 33; Com. v. Hipple, 69 Pa. 9. In passing upon the constitutionality of the Allegheny County Court Act, in the two recent cases above referred to, this court adopted and followed the reasoning of the learned justices who wrote the opinions in the earlier cases. There was a difference of opinion in this court when the earlier cases were decided, and there is now, as to the power of the legislature to divest courts enumerated in the Constitution of any part of their jurisdiction and vest it in courts established by the legislature from time to time, but these doubts and differences were resolved in favor of sustaining the constitutionality of the earlier acts, just as in the recent cases they were

resolved in favor of sustaining the power of the legislature to create courts of a different class or grade from those enumerated in the Constitution, with a limited or concurrent jurisdiction. This court in the recent cases finally decided, although all the justices did not agree, that nothing contained in the present Constitution required a departure from the settled rule of construction under the earlier cases. This is the answer to the main contentions pressed upon us by the learned counsel for appellant in the present case.

We need but advert to one more question in order to dispose of the present appeal. It arises under Section 26, of Article V, of the Constitution, which provides: "All laws relating to courts shall be general, and of uniform operation, and the organization, jurisdiction, and powers of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process and judgments of such courts, shall be uniform." It will be observed that the uniformity required by this section applies only to courts of the same class or grade. The learned court below held that the Municipal Court of Philadelphia was not of the same class or grade as the County Court of Allegheny County, and if the class or grade of a court is to be determined by the jurisdiction and powers with which it is clothed, and no other method of determining this question has been suggested, and we know of none, clearly the conclusion reached by the court below was the proper one. The jurisdiction and powers of the two courts differ in nearly every essential particular, and this difference is so marked as to warrant the conclusion that the legislature intended to establish a Municipal Court in Philadelphia of a different class or grade from that created for Allegheny County. That the legislature had the power to create a court for Allegheny County, and another court of a different class or grade for Philadelphia County, according to their respective needs, was decided in the

Gottschall case, and for the purposes of this appeal nothing further need be said.

The present bill was filed to restrain the county commissioners from the expenditure of public moneys in providing necessary accommodations for the Municipal Court. If this court was lawfully created and has a legal existence for its primary purposes, the public authorities cannot be enjoined from providing suitable accommodations on the ground that some provisions of the act may contain doubtful grants of power. As was decided in the Gottschall case, if it be deemed expedient to raise any such question, it can be done in a proper proceeding at a subsequent time by a party directly interested in the litigation in which it arises.

Without prolonging the discussion, we have concluded that under the authority of the Gottschall and Hopkins cases, the Municipal Court of Philadelphia County has been lawfully established by the legislature and that the county commissioners cannot be enjoined from providing it with suitable accommodations.

Decree affirmed, and it is ordered that the costs of the appellant and the appellee be paid by the County of Philadelphia.

CONCURRING OPINION BY MR. JUSTICE MOSCHZISKER:

While I did not concur in Gottschall v. Campbell, 234 Pa. 347, or in Com. v. Hopkins, 241 Pa. 213, yet, we decided in those cases that a court of the general character of the one under consideration could lawfully be created, that the act then before us was constitutional and that thereunder certain jurisdiction always before that time exercised by the judges of the Common Pleas sitting in the Quarter Sessions could be transferred to and vested exclusively in the new Allegheny County Court,—thus holding that the judges of the Common Pleas could in this manner be absolutely deprived of powers and jurisdiction, and that the jurisdiction of the Quarter Sessions of that county could be made to differ

from that of all other courts of the same grade in the
State, notwithstanding Section 26, of Article V, of the
Constitution. In other words, we expressly ruled that
for court purposes Allegheny County was in one legisla-
tive class and Philadelphia in another, and, in effect,
that the jurisdiction of a court need only be uniform
with that of other courts of the same grade in the county
or counties constituting the class in question; further,
that the jurisdiction theretofore vested in the judges of
the Common Pleas might be transferred to a new tri-
bunal created by the legislature, without providing for
appeal to the former court or to any other court in
which Common Pleas judges had power to preside.

To my mind, according to the organic law as we have
construed it, the provisions of the Constitution here
claimed to have been broken, could only be made to
apply to the present situation by holding the new Mu-
nicipal Court to be a tribunal of the same grade as the
Court of Common Pleas in the County of Philadelphia,
and this court is practically unanimous in the opinion
that that proposition is not tenable; therefore, since the
tribunal created by the act before us is not on a grade
with any other court within the classified territory in
which it is located, the conclusion necessarily follows
that it is not required to be "uniform in organization,
jurisdiction and powers" with any established standard;
hence, the appellant's principal ground of attack is
eliminated from the case.

It is settled in Pennsylvania that the doctrine of
stare decisis applies to and controls constitutional ques-
tions so long as the original cases are not formally over-
ruled: Kilpatrick v. Com., 31 Pa. 198, 214, 215; Com. v.
Nat. Oil Co., 157 Pa. 516, 523; In re Application of
Judges, 64 Pa. 33, 38; Morgan v. Reel, 213 Pa. 81, 86,
88. In its main features the statute in question is con-
sistent with, and the legislation simply follows the
logic of, our decisions in the Allegheny County Court
cases. Although the construction there placed upon the

organic law of the State may not accord with my own view, yet, while those authorities remain they must be read with the Constitution as though part of it, and their binding force and effect cannot properly be questioned by anyone, least of all by a member of the court that announced them; therefore, under the doctrine of stare decisis, and upon that ground alone, I concur in the present judgment.

MR. JUSTICE MESTREZAT and MR. JUSTICE STEWART, dissent.