# Commonwealth *v.* Novek, Appellant.

*Courts—Municipal court of Philadelphia county—Jurisdiction—Suits on bail bonds—Acts of April 22, 1846, P. L. 477, and July 12, 1913, P. L. 711.*

1. The Act of July 12, 1913, P. L. 711, establishing the municipal court in the county of Philadelphia modifies the Act of April 22, 1846, P. L. 477, so far as the latter act relates to the exclusiveness of the jurisdiction of the courts of quarter sessions and oyer and terminer over suit under cognizance of bail, and gives to the municipal court concurrent jurisdiction over such suits.

*Recognizance — Action on — Collateral attack on judgment — Lost recognizance.*

2. In an action on a recognizance of bail for appearance, a judgment of forfeiture of the recognizance cannot be collaterally attacked on the ground that the magistrate had no authority to issue a warrant against the principal in the bond for desertion, and hold him to appear in court upon that charge, because the information on which the warrant issued only charged nonsupport.

3. In an action upon a recognizance of bail no question can be raised on appeal as to the insufficiency of the evidence to establish the loss of the recognizance and its contents, if it appears that there had been no request in the municipal court for special findings of fact on that subject.

Argued Dec. 17, 1914. Appeal, No. 215, Oct. T., 1914, by defendant, from judgment of Municipal Court Phila. Co., March T., 1914, No. 345, for plaintiff on case tried by the court without a jury in suit of Commonwealth v. Abraham Novek. Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ. Affirmed.

Assumpsit on a recognizance of bail for appearance in the oyer and terminer and quarter sessions.

GILPIN, J., filed the following opinion:

This suit is brought to recover the sum of $400, with interest thereon from July 26, 1912, on a forfeited recognizance executed by defendant on June 21, 1912, for the appearance of one Ittel Brod, at the next term of the court of oyer and terminer and quarter sessions of the peace for the county of Philadelphia, "to be holden on the first Monday of July, 1912, then and there to answer all such charges as may be preferred against said defendant." This recognizance was taken before George K. Hogg, magistrate of court No. 11, in the county of Philadelphia, duly filed in the office of the clerk of the court of quarter sessions for said county, and on July 26, 1912, as appears by the records of said office, said recognizance was declared and adjudged to be forfeited.

The return of the magistrate and the papers filed in his office show that Brod was arrested on a warrant charging him with desertion and nonsupport, the affidavit of Brod's wife, on which said warrant was issued, charging, "That the said Ittel Brod has failed and neglected for a period of six months to support deponent and her child."

It also appears that the recognizance was lost after filing in the office of the clerk of the court of quarter sessions.

The trial judge finds from the testimony offered by plaintiff and the admissions of defendant both on the stand in this case and in proceedings in the court of quarter sessions, that he did, on June 26, 1912, execute a recognizance in the sum of $400, for the appearance of Ittel Brod in the court of quarter sessions of Philadelphia county not to answer the specific offense set out in the complaint of his wife, but, "to answer all such charges as may be preferred against the defendant," and that such recognizance was declared and adjudged

to be forfeited by the court of quarter sessions on July 26, 1912, for the nonappearance of defendant on the charge of desertion, which was one of the charges for which the defendant Brod was held to appear at court by the magistrate, the other being nonsupport.

Novek, the defendant in the present proceeding, claims that the recognizance was discharged by the appearance of Brod in court to answer the charge of nonsupport, which was heard by the court and an order made, Brod being released on his own recognizance.

The court is of opinion and finds that the charges of desertion and nonsupport, for which Brod was held for court, were both within the jurisdiction of the magistrate, the scope of the recognizance was not confined to the specific offense of nonsupport, and that any question as to the validity of the bond should have been raised by the surety at the time the forfeiture was acted upon by the court of quarter sessions.

As the record is sufficient it is conclusive and cannot be impeached, the whole matter of the recognizance and its forfeiture is res adjudicata and the binding force of the recognizance cannot be attacked in this proceeding. The court therefore finds in favor of the plaintiff for $447.40, the amount of the recognizance, with interest from July 26, 1912, to July 17, 1914; judgment to be entered sec. reg.

*Error assigned* was the judgment of the court.

*John H. Fow,* with him *Maurice G. Weinberg,* for appellant.—The jurisdiction of the municipal court is denied: Com. v. Duffy, 11 Phila. 378; Com. v. Meese, 19 Pa. Superior Ct. 1.

The magistrate had no authority whatever in the absence of an affidavit or complaint charging the defendant with a specific crime, to hold him for that offense: Yaner v. People, 34 Mich. 286; Com. v. Friedlander, 53 Pa. Superior Ct. 221.

Before evidence can be given that an instrument has been lost, there must be sufficient proof that the instrument had been created and existed: Rhodes v. Seibert, 2 Pa. 18; Sloane v. Thomas, 12 Pa. 209; Cox et al. v. Eny & Brown, 65 Pa. 212; McKenna v. McMichael, 189 Pa. 440; Com. v. Hickney, 172 Pa. 39; Rousher v. Hamm, 3 Brewst. 233.

*Charles E. Bartlett,* assistant district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.

OPINION BY RICE, P. J., April 19, 1915:

In this case, which was tried by the court without a jury, the trial judge reserved decision and subsequently filed an opinion concluding as follows: "The court therefore finds in favor of the plaintiff for $447.40, the amount of the recognizance, with interest from July 26, 1912, to July 17, 1914; judgment to be entered sec. reg."

The appellant's first contention is that the municipal court had no jurisdiction of the action. Section 4 of the Act of April 22, 1846, P. L. 477, provides that recognizances of bail for appearance in the oyer and terminer and quarter sessions of Philadelphia, which have been or shall be taken before a judge of the court or before an alderman or justice of the peace of the county and returned to the court "shall be sued and prosecuted in the said court, and in no other court," etc.

But the act of 1913, establishing the municipal court, declares (sec. 10) that that court "shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy," etc., and (sec. 16) "shall have all the powers of a court of record possessed by the courts of common pleas and of quarter sessions of the peace and oyer and terminer in the county of Philadelphia." The constitutional question as to the power of the legislature to establish the municipal court and to vest in it exclusive or concurrent jurisdiction of cases formerly cognizable in the courts enu-

merated in the constitution is now well settled: Gerlach
v. Moore, 243 Pa. 603; Philadelphia & Reading Ry. Co.
v. Walton, 248 Pa. 381.

The plain and unambiguous provisions of the act of
1913 show an intent to modify the act of 1846, so far as
it relates to the exclusiveness of the jurisdiction of the
courts of quarter sessions and oyer and terminer, and
to give to the municipal court concurrent jurisdiction.
There being no obstacle in the way of carrying out this
plain legislative intent, we hold that the municipal court
had jurisdiction.

The second assignment of error raises, very inform-
ally, the question whether the judgment was warranted
by the facts.  The facts are very clearly set forth in the
opinion filed by the learned trial judge, and we call
attention particularly to these: (1) that the defend-
ant executed a recognizance in the sum of $400 for
the appearance of Ittel Brod in the court of quarter
sessions of Philadelphia county, "to answer all such
charges as may be preferred against the defendant;"
(2) that the recognizance was declared and adjudged
to be forfeited by the court of quarter sessions on
July 26, 1912, for the nonappearance of the defendant
on the charge of desertion; (3) which was one of the
charges for which Brod was held to appear at court by
the magistrate, the other being nonsupport.  In addi-
tion to these we call attention to the fact that an in-
dictment for desertion was found against Brod.

It is argued that the magistrate had not authority to
issue a warrant against Brod for desertion and hold
him to appear at court upon that charge, because the
information on which the warrant issued only charged
nonsupport.  Whether this would have been valid ground
for moving to quash the indictment for desertion, or to
take off the forfeiture, are questions that need not be
discussed.  Be that as it may, the learned judge very
properly held that the recognizance and the judgment
of forfeiture were not subject to impeachment collaterally

upon grounds that did not go to the jurisdiction of the magistrate or of the court that entered the judgment: Com. v. Flomenhaft, 3 Pa. Superior Ct. 566; Com. v. Meeser, 19 Pa. Superior Ct. 1; 5 Cyclopedia of Law and Procedure, 149.

The third assignment of error is really based on a contention as to the insufficiency of the evidence to establish the loss of the recognizance and its contents. As there was no request for special finding of fact upon that subject, we might well dismiss this assignment without further comment upon the principle of Com. v. Beech Creek R. R. Co., 188 Pa. 203. We have examined the evidence and while it is to some extent conflicting, it was sufficient to warrant the judge's expressed finding that the recognizance was lost: Smith v. Kaufman, 30 Pa. Superior Ct. 265, and cases there cited.

The objection raised on the argument as to noncompliance with the provisions of the act of 1874, relative to trial of cases by the court without a jury, has been fully considered in Philadelphia and Gulf Steamship Co. v. Clark, in which we herewith file an opinion.

The assignments of error are overruled and the judgment is affirmed.