## Guido v. Nagle.

*Practice, C. P.—Process — Service of summons — Deputizing sheriff in another county—Automobiles—Act of June 30, 1919, P. L. 678.*

1. The legislature has the right to enlarge the jurisdiction of the courts and adapt it to the growth and change of circumstances.

2. It may provide that civil actions for damages arising in the use of automobiles may be brought in the county where damages were sustained, and service of process may be made in another county by the sheriff of the original county deputizing the sheriff in the county of defendant's residence.

Rule to set aside service of summons. C. P. Luzerne Co., May T., 1925, No. 1311.

*John H. Bigelow,* for plaintiff; *Reynolds & Reynolds,* for defendant.

JONES, J.—Summons in trespass for damages, directed to the Sheriff of Luzerne County, who deputized the Sheriff of Lehigh County to execute the writ according to law; a return of service by the Deputy Sheriff of Lehigh County, setting forth that he served the summons personally upon Wayne Nagle on April 24, 1925, by handing to him a true and attested copy of the writ and making the contents thereof known unto him in the County of Lehigh; a petition by defendant [averring] that there was no legal authority on the part of the Sheriff of Luzerne County to deputize the Sheriff of Lehigh County; and a rule granted to show cause why the return of service should not be stricken off.

To the petition plaintiff filed an answer admitting the facts set forth in the petition, but averring that the cause of action arose in this county from the use and operation of a motor-vehicle driven by defendant in a negligent and unlawful manner and at an excessive rate of speed.

The Act of June 30, 1919, § 36, P. L. 678, provides that all civil actions for damages arising from the use and operation of any motor-vehicle may, in the discretion of the plaintiff, be brought in the county wherein the alleged damages were sustained, and service of process may be made by the sheriff of the county where the suit is brought, deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county.

The legislature has the power to enlarge the jurisdiction of the courts so as to adapt it to the growth and change of circumstances: Scott v. Scott,

Guido *v.* Nagle.

80 Pa. Superior Ct. 141; Gerlach *v.* Moore, 243 Pa. 603; and the automobile has brought about circumstances and conditions which call for enlarged jurisdiction in our courts.

This legislation is intended to afford an adequate and speedy remedy against wrongdoers and reckless drivers, regardless of residence, and is wholesome legislation, compelling the wrongdoer to appear in the county where the action arose, instead of requiring the injured plaintiff to seek redress in the domicile of the defendant.

The suit was properly instituted, the deputation regular and the service in the manner prescribed by the Act of July 9, 1901, § 1, P. L. 614.

Rule to strike off the service is discharged.

From Frank P. Slattery, Wilkes-Barre, Pa.