## Ernest v. The Ohio River Transportation Company

*Richard F. Rowley* and *H. R. Birmingham,* for plaintiff.
*Ralfe O. P. Silverman* and *Lowrie C: Barton,* for defendant.

SOFFEL, J., February 24, 1931.—This case is before the court on a rule to show cause why a jury trial should not be allowed without payment in advance of a jury fee.

The constitutionality of the Act of May 2, 1929, P. L. 1271, which reads as follows, is challenged:

"No. 443. An act providing for the payment to the prothonotary of a jury fee at the time of demanding a jury trial, in the county court for the county of Allegheny.

"Section 1. Be it enacted, &c., That if the plaintiff in any case, in the county court for the county of Allegheny, demands a jury trial, he shall, at the time of filing his statement, pay to the prothonotary a jury fee of four dollars, and, if the defendant demands a jury trial, he shall, at the time of filing his answer, pay to the prothonotary a jury fee of four dollars, and said jury fee, by whomsoever paid, shall be included as part of the costs of the case.

"Section 2. All acts or parts of acts inconsistent herewith are hereby repealed."

On June 10, 1930, the plaintiffs began this action in assumpsit, returnable September 9, 1930, the last day for answer being September 5, 1930. On September 3, 1930, defendant filed its answer demanding a jury trial. This was refused by the clerk without payment in advance of the jury fee of $4. On September 4, 1930, a formal demand for a jury trial was made, and the court

granted a rule to show cause why a jury trial should not be allowed without payment of a jury fee in advance.

The proponent of the rule submits that the act of assembly cited *supra* is unconstitutional, in that it violates the provisions of the following articles of the Constitution of the Commonwealth of Pennsylvania: Article I, section six, article I, section eleven, article III, section seven, and article III, section thirty-four.

1. Article I, section six: "Trial by jury shall be as heretofore, and the right thereof remains inviolate."

The cases arising under this section of the Constitution uniformly hold that all that this section requires is that the right of trial by jury in its accustomed form shall be secured before the rights of the parties are finally decided and that it shall not be burdened with onerous conditions.

This clause is not violated by the requirement that a jury fee shall be paid. In Capital Traction Co. v. Hof, 174 U. S. 1, it is held that a requirement that a jury fee shall be paid is not a denial or abridgment of the right of trial by jury. To the same effect is Bank of Columbia v. Okely, 4 Wheat. 235. Under the Act of March 29, 1805, 4 Sm. Laws 237, section 13, a jury fee must be paid before judgment can be entered upon a verdict. In Gottschall v. Campbell, 234 Pa. 347, the court holds that it is but a step beyond the Act of 1805 to require payment of the jury fee before trial instead of before judgment, and sustains section eight of the Act of May 5, 1911, P. L. 198, which relates to trial by jury on the request of either party and requires the payment of the jury fee in advance, holding that this is not an abridgment of the constitutional right of trial by jury. Illustrative of the same principle are the cases of McDonald v. Schell, 6 S. & R. 240, and Warren v. Com., 37 Pa. 45.

2. Article I, section eleven: "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . ."

The requirement of payment of a fee in advance before a jury trial will be granted does not violate this section of the Constitution. Pierce, J., in All Courts Shall Be Open, 30 Pitts. 362, thoroughly discusses the meaning of the words, "All courts shall be open." In Menges v. Dentler, 33 Pa. 495, the meaning of the phrase "shall have remedy by due course of law" is considered. In Sharpless v. Mayor of Philadelphia, 21 Pa. 147, the meaning of the phrase "justice administered without sale, denial or delay" is considered. An examination of these decisions, arising under this particular section, convinces the court that the requirement of payment of a jury fee in advance in no way constitutes an abridgment of the rights guaranteed by this section of the Constitution.

3. Article III, section seven: "The General Assembly shall not pass any local or special law: . . . regulating the practice or jurisdiction of . . . any judicial proceeding or inquiry before courts. . . ."

In Gottschall v. Campbell, 234 Pa. 347, the Supreme Court sustained the constitutionality of the Act of May 5, 1911, P. L. 198, creating the County Court of Allegheny County, and held that the establishment of this court was valid and did not violate article III, section 7, of the Constitution, which forbids local and special legislation. In Philadelphia & Reading Ry. Co. v. Walton, 248 Pa. 381, the Supreme Court sustained the constitutionality of the Act of July 12, 1913, P. L. 711, creating a Municipal Court for the County of Philadelphia, and held that the creation of this court did not violate article III, section 7, of the Constitution. In Gerlach v. Moore, 243 Pa. 603, the

Supreme Court held that where a new court is established which differs in its jurisdiction and powers from other courts, it is a court of a different class or grade, and its organization and procedure need not be uniform with other established courts. It follows, therefore, that if the legislature had the power to create the County Court of Allegheny County (and that is established by the decision in Gottschall v. Campbell, 234 Pa. 347), it also has the power to make changes in the procedure of the new tribunal as changed circumstances may require. This is discussed by Mr. Justice Elkin in Phila. & Reading Ry. Co. v. Walton, supra, at page 384.

4. Article III, section thirty-four: "The legislature shall have power to classify counties, cities, boroughs, school districts, and townships according to population, and all laws passed relating to each class, and all laws passed relating to, and regulating procedure and proceedings in court with reference to, any class, shall be deemed general legislation within the meaning of this constitution; but counties shall not be divided into more than eight classes, cities into not more than seven classes, school districts into not more than five classes and boroughs into not more than three classes."

Article III, section 34, cited supra, was adopted on November 6, 1923, as an amendment to the Constitution. By Act of Assembly of July 10, 1919, P. L. 887, section 1, counties were classified into eight classes. Although this act of assembly was passed prior to the adoption of the Amendment of 1923, in Sambor v. Hadley, 291 Pa. 395, it is held: Legislative recognition after passage of Amendment of November 6, 1923, of prior classification of city was in effect classification under amendment.

The proponent of the rule argues that, because the classification of counties under article III, section 34, of the Constitution was made prior to the Act of May 2, 1929, P. L. 1271, the act under consideration, in all matters relating to the courts of Allegheny County, Allegheny County had lost its identity, and that all laws relating to courts must refer to and include all counties of the class to which Allegheny County would belong, by virtue of its population, which is the second class.

The Act of 1929, in its title and in the body thereof, provides for the payment of a jury fee in the County Court for the County of Allegheny. This is challenged as violating the provisions of article III, section 34, and as violating article III, section 7.

The court is of the opinion that the same logic which determined the cases in which the constitutionality of the County Court of Allegheny County and the Municipal Court of Philadelphia was challenged, applies. The County Court of Allegheny County is the only court of its kind in the Commonwealth of Pennsylvania:

"To say that the legislature can create a new court of a different class or grade from those already established, and to clothe such court with special powers, but that its hands are forever tied as to incidental methods of procedure would be an absurdity. The procedure in a court is but an incident of its general powers:" Phila. & Reading Ry. Co. v. Walton, 248 Pa. 381, 384.

In Gerlach v. Moore, 243 Pa. 603, 612, Chief Justice Moschzisker, in discussing the fact that the new Municipal Court of Philadelphia is not of the same grade as the court of common pleas in the County of Philadelphia, says:

"Therefore, since the tribunal created by the act before us is not on a grade with any other court within the classified territory in which it is located, the conclusion necessarily follows that it is not required to be 'uniform in organization, jurisdiction and powers' with any established standard; hence, the appellant's principal ground of attack is eliminated from the case."

784

[redacted]

## Order

And now, to wit, February 24, 1931, rule to show cause why jury trial should not be allowed without payment of a jury fee in advance as required by the Act of May 2, 1929, P. L. 1271, is discharged.

From William J. Aiken, Pittsburgh, Pa.