## Schmitt v. Wyoming Valley Public Service Co. et al.

*James P. Costello, Jr.*, for plaintiff.
*S. W. Rhoads*, for defendants.

FARRELL, J., April 20, 1939.—This is one of 19 cases in which we are asked to set aside judgments and the attachments in execution issued thereon. The judgments were

obtained by 19 different plaintiffs, including plaintiff in this case, against the Wyoming Valley Public Service Company in the Municipal Court of Philadelphia. In each case the judgment was transferred by certified copy of the record to the Court of Common Pleas of Luzerne County. The judgment in each case is for the amount of unpaid coupons due on bonds of defendant corporation held by plaintiffs. On each of the judgments entered in Luzerne County by virtue of the certified copy of the record, an attachment execution has been issued against defendant, summoning the Wilkes-Barre Railway Corporation as garnishee.

Defendant's rules to strike off the judgments and set aside the writs of attachments in execution are based on the contention that the Act of April 16, 1840, P. L. 410, under which, admittedly, the judgments have been transferred from the Municipal Court of Philadelphia to Luzerne County, does not authorize the transfer of judgments from said court. Section 1 of the Act of 1840, supra, reads:

"That in addition to the remedies now provided by law, hereafter any judgments, in any district court, or court of common pleas in Pennsylvania, may be transferred from the court in which they are entered, to any other district court, or court of common pleas in this Commonwealth, by filing of record in said other court, a certified copy of the whole record in the case; and any prothonotary receiving such certified copy of record, in any case in which judgment has been entered by another court, or in another court, by transcript from justices of the peace, shall file the same, and forthwith transcribe the docket entry thereof, into his own docket, and the case may then be proceeded in, and the judgments and costs collected by executions, bill of discovery, or attachment, as prescribed by the act entitled 'An act relating to executions,' passed the sixteenth day of June, one thousand eight hundred and thirty-six: and as to lien, revivals, executions, and so forth, it shall have the same force and effect, and no

other, as if the judgment had been entered, or the transcript been originally filed in the same court to which it may thus be transferred."

Defendant contends that as the transfer of judgments under the foregoing act is confined to "judgments, in any district court, or court of common pleas in Pennsylvania," (district courts having been abolished by the Constitution of 1873), judgments of the Municipal Court of Philadelphia are excluded from the operation of the act.

The Municipal Court of Philadelphia was created by the Act of July 12, 1913, P. L. 711. Upon the construction of this act depend the soundness of defendant's contention and the validity of these judgments in Luzerne County based on the certified copy of the original judgments entered in the Municipal Court in Philadelphia. The act is entitled: "An act establishing a court for the county of Philadelphia; prescribing its jurisdiction and powers; providing for the service of its writs, process, or warrants by the proper officers of the county or city of Philadelphia; regulating the procedure therein, and appeals therefrom, and providing for the expenses thereof."

The act makes the Municipal Court a court of record, constituted by judges learned in the law, prescribes in section 10 the jurisdiction of said court in civil actions in law and equity up to claims not exceeding $600, except in damage claims in which the jurisdiction extends to $1,500, and paragraph 4 of section 12 of the Act of 1913, supra, provides:

"Except as modified by this act, or its own rules duly adopted by a majority of the judges, the practice and procedure in the Municipal Court shall be the same as the practice and procedure in the courts of common pleas of Philadelphia County."

Section 15 provides that judgment recovered in said court "shall be a lien upon the property of the defendant, in the same manner and to the same extent that judgment recovered in the courts of common pleas is a lien."

Appeals in civil cases are directed, under section 14, to the Superior Court and in criminal cases to the Supreme or Superior Court as the case may be.

The act creating the court was held by the Supreme Court to be constitutional in Gerlach v. Moore, 243 Pa. 603. This court was evidently intended by the legislature to be a part of the common pleas system, and as to matters within its civil jurisdiction it was obviously designed to relieve the common pleas court in a great county and city like Philadelphia of some of the burden in the smaller and more moderate civil cases. In its civil jurisdiction it is intended to be an auxiliary court of common pleas in that city. That the legislature intended the Municipal Court to be a part of the common pleas system appears from the general design and context of the act and especially the provision quoted from section 12 that "the practice and procedure . . . shall be the same as the practice and procedure in the courts of common pleas of Philadelphia County."

It requires no strained construction, therefore, to hold that judgments from said Municipal Court of Philadelphia, assimilable as they are to common pleas judgments, are fairly included within the intendment of the Act of 1840, supra, and that judgments may be transferred under the terms of said act from said Municipal Court to other counties of the Commonwealth.

Of course, as the Municipal Court of Philadelphia was not in existence at the time the Act of 1840 was passed, said court could not be included eo nomine in its provisions. But as the act creating the Municipal Court expressly provides that the practice and procedure shall be the same as the Philadelphia Court of Common Pleas, and the certification of judgments under the Act of 1840 being purely a matter of practice and procedure, the Act of 1840, we think, clearly extends to and embraces the judgments of said Municipal Court.

Rule to strike off the judgment and to set aside the writ of attachment in execution is discharged.