Commonwealth *v.* Weiner, Appellant.

*Criminal law—Disorderly house—Bawdyhouse—Instructions.*

On the trial of an indictment (1) for maintaining a disorderly house and (2) for maintaining a bawdyhouse, a general conviction

558, (1917).]     Syllabus—Statement of Facts.

will not be set aside because the trial judge failed to charge that the Commonwealth, in order to establish the offense of keeping a disorderly house, must show "that by loud or boisterous sounds the neighborhood was inconvenienced," where no request for such instructions was asked at the trial. Even if such instructions were proper, which the appellate court does not decide, the conviction being general, would be sustained by the count relating to the keeping of a bawdyhouse.

*Appeals—Assignments of error—Evidence.*

An assignment of error to the admission of testimony will not be considered, where the assignment does not include the testimony, and does not refer to the page of the appendix where it might be found.

*Court—Municipal Court of Philadelphia County—Jurisdiction—. Quarter Sessions—Acts of July 12, 1913, P. L. 715, and June 17, 1915, P. L. 1017—Criminal law.*

A bill of indictment made returnable to the Court of Quarter Sessions of Philadelphia County, may be tried in the Municipal Court of Philadelphia County, if the district attorney so elects, and if a defendant appears in person and by counsel, and the case is heard upon its merits, he cannot be heard to complain that the court had no jurisdiction of his person, if it had jurisdiction of the subject-matter of the cause, although his recognizance might not be adequate to compel his appearance in the Municipal Court; nor can he object after such a conviction that the record had not been certified from the Quarter Sessions and that it did not appear upon the record that the district attorney had in the court in which the indictment was found, signified his election to try the case in the Municipal Court.

Argued April 23, 1917.     Appeal, No. 28, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., August Sessions, 1916, No. 546, on verdict of guilty in case of Commonwealth v. Morris Weiner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.     Affirmed.

Indictment for keeping a disorderly house, etc. Before CRANE, J.

At the trial the jury returned a verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were in the following form:

The learned court erred in refusing the motion of counsel for the defendant to withdraw from the consideration of the jury the charge of keeping a disorderly house:

1. Mr. Hermes: "There are three charges against the defendant, keeping a disorderly house, keeping a bawdyhouse, and frequenting a bawdyhouse. There has certainly been no testimony as to the charge of keeping a disorderly house and I think as to that charge the jury should be instructed that there is no evidence. (App., p. 26a.)

Mr. Welsh: "That is the charge I am pressing.

Mr. Hermes: "My interpretation of a disorderly house is that there must be noise on the premises, and there is certainly then no testimony showing it.

The Court: "Noise is not the only element to a disorderly house. Read the statute. You do not have to have noise to establish a disorderly house and I make that ruling."

The learned court erred in charging the jury as follows:

2. "If you are satisfied by the testimony beyond a reasonable doubt that he was there; that he was the proprietor of that place, it is your sworn duty to convict him."

(General exception to the charge.)

The learned court erred in charging the jury as follows:

3. "You will review all of the testimony carefully and conscientiously and if you are satisfied beyond a substantial and reasonable doubt that this man was there on several occasions, that there were women of low repute, prostitutes frequenting or in that house, and they were soliciting men for immoral purposes there, convict him."

(General exception to the charge.)

The learned court erred in permitting the witness, Martin Manion, called by the Commonwealth, to testify as follows:

558, (1917).]    Assignment of Errors—Arguments.

4. "Q. Now just tell us the circumstances of the arrest. Tell us what happened up there——

"A. We had a warrant for a woman, a black-haired or dark complected woman——

Mr. Hermes: "I object to that.

Mr. Welsh: "I propose to show that the warrant was for persons in the house and he can describe the circumstances.

The Court: "You may answer that question. Exception for the defendant."

5. The criminal division of the Municipal Court was without jurisdiction to try the defendant for the reason that the transcript, and the bill of indictment predicated thereon, were made returnable to the court of Quarter Sessions of Philadelphia County.

*Bryan A. Hermes*, for appellant.—The evidence was insufficient to warrant a conviction on the count of keeping and maintaining a disorderly house: Hunter v. Com., 2 S. & R. 298; Com. v. Soo Hoo Doo, 41 Pa. Superior Ct. 249; Com. v. Murr, 7 Pa. Superior Ct. 391; Com. v. Brink, 49 Pa. Superior Ct. 620; Com. v. Stewart, 1 S. & R. 342.

The Municipal Court has no jurisdiction to try the defendant: Brown v. Com., 78 Pa. 122; Hester v. Com., 85 Pa. 139; Hazlett v. Com., 1 Pittsburgh Rep. 169.

*Samuel P. Rotan,* District Attorney; *Joseph H. Taulane* and *George A. Welsh,* Assistant District Attorneys, for appellee.—A general verdict of guilty can be sustained if there is one good count in the bill of indictment: Com. v. Bradley, 16 Pa. Superior Ct. 561; Com. v. Church, 17 Pa. Superior Ct. 39; Com. v. Holgate, 63 Pa. Superior Ct. 246, 255; Com. v. Prickett, 132 Pa. 371; Hazen v. Com., 23 Pa. 355.

The Municipal Court had jurisdiction to try the case.

OPINION BY PORTER, J., July 13, 1917:

The indictment upon which the defendant was tried and convicted, in the Municipal Court of Philadelphia County, contained three counts, charging, in appropriate language, distinct offenses, (1) Keeping and maintaining, a common, ill-governed and disorderly house and place, (2) Keeping and maintaining a bawdyhouse, and (3) Frequenting a bawdyhouse. The jury rendered a general verdict of guilty as indicted and the court sentenced the defendant to pay a fine of one thousand dollars and undergo an imprisonment for the term of two years. The defendant appeals from that judgment.

The first specification of error is not supported by an exception taken in the court below and, as it refers to a mere incident of the trial, must be disregarded. The second and third specifications of error refer to excerpts from the charge of the court, which, if they were all that the court said with regard to the matter, might be the subject of criticism, but a judgment is not to be reversed because one sentence of a charge, wrested from its context, might be deemed inadequate. In determining whether a charge is erroneous we must consider the entire charge, as applied to the matters upon which the jury, under the evidence, was required to pass. The court properly defined to the jury the offenses with which the defendant was charged, fairly reviewed the evidence of the Commonwealth and of the defendant and instructed the jury that if they had a reasonable doubt as to the guilt of the defendant it was their duty to acquit him. The argument of the appellant, so far as it refers to the second and third specifications of error, is not that the charge was unfair or that it involved any affirmative error, but that as to the charge of keeping a disorderly house it was inadequate. It is contended in the brief of the appellant that the court ought to have charged the jury that to warrant a conviction upon the charge of keeping a disorderly house the burden was upon the Commonwealth to establish "that by loud or boisterous

sounds the neighborhood was inconvenienced." If the appellant desired specific instructions upon this point he should have submitted a written request for the same, the charge, so far as it went being free from error. There is no suggestion that the charge was not sufficiently full and accurate in so far as it related to the offense of keeping and maintaining a bawdyhouse, nor is it intimated that the alleged inadequacy of the instruction as to the offense of keeping a disorderly house had any bearing or effect upon the result of the trial for keeping a bawdyhouse. The verdict of guilty upon the court charging the offense last mentioned, which the evidence fully warranted, was sufficient to sustain the sentence which the court imposed. The judgment should not, in these circumstances be reversed, even if the instructions as to the offense of keeping a disorderly house were not as full as the defendant might have desired. We are not to be understood as deciding that, in order to convict of the offense of keeping a disorderly house, that the Commonwealth is required to establish "that by loud or boisterous sounds the neighborhood was inconvenienced." The sentence which the court imposed was a general one, not purporting to be based on any particular count of the indictment, and the only count which would support the sentence imposed was that charging the defendant with keeping a bawdyhouse, and to that count it must be referred. The second and third specifications are dismissed. The fourth specification alleges error in the admission of certain testimony, and offends against the rules of this court in that the testimony is not printed in connection with the specification and does not even refer to the page of the appendix where the testimony may be found and for that reason it is dismissed.

The fifth specification of error raises the question of the jurisdiction of the Municipal Court to try the defendant, "for the reason that the transcript, and bill of indictment predicated thereon, were made returnable to the Court of Quarter Sessions of Philadelphia County."

The 11th section of the Act of July 12, 1913, P. L. 711, which conferred upon the Municipal Court jurisdiction in criminal actions of the character of those with which this defendant was charged, as amended by the Act of June 17, 1915, P. L. 1017, did not confer upon that court jurisdiction to summon a grand inquest to inquire of offenses with which defendants were charged. The provisions of that section clearly established that it was the legislative intention that when defendants after a preliminary hearing, are bound over for trial in any case, the transcript and recognizance should be returned, and indictments presented against them before the grand jury in accordance with existing laws, that is, to the existing courts having jurisdiction of criminal offenses. "Which indictments may be tried either in existing courts or in the Municipal Court as the case may be." There can be no question that it was the intention of the legislature that all indictments should continue to be found in the Court of Oyer and Terminer and General Jail Delivery and the Court of Quarter Sessions of the Peace. The jurisdiction conferred upon the Municipal Court was to try, such cases, after an indictment had been found, the power to try necessarily implying authority to impose sentence, upon a verdict of guilty. The thirteenth section of the statute imposes upon the Municipal Court the duty to try prosecutions which may be brought therein, those of which they have original jurisdiction, "or which may be brought therein for trial by the district attorney." The same section imposes upon the district attorney the duty to prosecute all cases in which prosecution has been begun in the Municipal Court, or which had been returned to court by magistrates for trial, and which are exclusively triable in the Municipal Court, "or which the district attorney elects to try in said court." This legislation made no change in the manner in which indictments must be found. It conferred upon the district attorney the authority to elect, as to offenses of which the Municipal Court was given

jurisdiction to try, whether the indictment should be tried in the existing criminal courts or in the Municipal Court. The constitutionality of this legislation is established by the decisions of the Supreme Court in Gerlach v. Moore, 243 Pa. 603, and Philadelphia & Reading Railway Co. v. Walton, 248 Pa. 381. This appellant made no objection to proceeding to trial in the Municipal Court, he appeared in person and by his counsel and his case was heard upon its merits, he cannot be heard to complain that the court had not jurisdiction of his person, if it had jurisdiction of the subject-matter of the cause, although his recognizance might not be adequate to compel his appearance in the Municipal Court: Commonwealth v. Hopkins, 53 Pa. Superior Ct. 16 and 241 Pa. 213. If the defendant had objected to going to trial upon the ground that the record had not been certified from the Court of Quarter Sessions and that it did not appear upon the record that the district attorney had in the court in which the indictment was found signified his election to try the case in the Municipal Court, it may be that the objection ought to have been held well founded. That question we do not decide, for having failed to raise it in the court below it cannot prevail upon this appeal. The specification of error is overruled.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.