## Commonwealth *v.* Salot, Appellant.

*Criminal law—Municipal court—Jurisdiction—Act of July 12, 1913, P. L. 711, and Act of June 17, 1915, P. L. 1017.*

The 11th section of the Act of July 12, 1913, P. L. 711, as amended by the Act of June 17, 1915, P. L. 1017, conferred upon the municipal court the right to try cases after an indictment had been found, the power to try necessarily implying authority to impose sentence upon a verdict of guilty. The acts of assembly did not confer upon the municipal court jurisdiction to summon a grand inquest and inquire of offenses with which defendants were charged; the provisions of this section clearly establish that it was the legislative intention that when defendants, without preliminary hearing, were bound over for trial in any case, the transcript and recognizance should be returned and indictments presented against them before the grand jury in accordance with existing laws, that is, to the existing courts having jurisdiction of criminal offenses. Such indictment may be tried either in the existing courts, or in the municipal court as the case may be.

Argued March 11, 1920. Appeal, No. 270, Oct. T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, April Sessions, 1918, No. 27, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Charles Salot. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for larceny and receiving stolen goods. Before GILPIN, J.

100, (1920).] Statement of Facts—Opinion of the Court.

The indictment charged the defendant with larceny of a certain Ford automobile and, in addition, with receiving stolen goods by purchasing an automobile with the knowledge that it was stolen.

The jury rendered a verdict of guilty of receiving a stolen automobile and not guilty of larceny of the same. Defendant appealed.

*Error assigned,* among others, was that the municipal court had no jurisdiction to try the defendant where the bill of indictment had been found in the Court of Quarter Sessions of Philadelphia County.

*Walter Thomas,* for appellant.

*Joseph H. Taulane,* Assistant District Attorney, and with him *George A. Welsh* and *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY HEAD, J., April 24, 1920:

The defendant appellant was tried in the Municipal Court of Philadelphia upon a bill of indictment containing two counts, one charging larceny and the other receiving stolen goods, etc. He was convicted upon the latter count and duly sentenced and from that sentence this appeal comes.

The record shows no alleged trial errors. The appellant now rests his case solely on the ground that the municipal court had no jurisdiction to try the defendant because the legislature was without power to confer such jurisdiction in a case where the bill of indictment had been found in the Court of Quarter Sessions of Philadelphia County. The supporting argument is the familiar one which has been considered, discussed and answered in a number of very recent cases, both in the Supreme Court and this court.

A careful study of the scholarly argument in the printed brief of the learned counsel for the appellant has led

us all to the conclusion that it presents no new question and that the cases just referred to have disposed of every legal and constitutional principle involved: Gottschall v. Campbell, 234 Pa. 347; Com. v. Hopkins, 53 Pa. Superior Ct. 16, and 241 Pa. 213; Gerlach v. Moore, 243 Pa. 603; Philadelphia & Reading Ry. Co. v. Walton, 248 Pa. 381; Com. v. Weiner, 67 Pa. Superior Ct. 558, and Com. v. Persch, 71 Pa. Superior Ct. 60. The opinions in these cases involved a thorough examination by the courts of the entire judiciary article in our present Constitution and especially of the effect of section 26 of that article on the whole subject covered by it. We may note that in Com. v. Weiner, supra, the defendant had been tried and convicted in the municipal court and the record shows that it was assigned for error in this court that "The criminal division of the municipal court was without jurisdiction to try the defendant for the reason that the transcript, and the bill of indictment predicated thereon, were made returnable to the Court of Quarter Sessions of Philadelphia County." The judgment was affirmed by this court. It would be useless therefore to expend time and effort in writing an elaborate opinion to again set forth our reasons for the conclusion that the legislature transgressed no constitutional barrier in enacting the statutes conferring upon the municipal court the jurisdiction to try a defendant under the conditions exhibited by this record. The assignments of error are overruled.

The judgment is affirmed and the record remitted and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.