## Commonwealth *v.* Krynicky, Appellant.

Argued November 13, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Paul K. McCormick,* for appellant.

*Rabe F. Marsh, Jr.,* Assistant District Attorney, with him *Edward G. Bauer,* District Attorney, and *L. Alexander Sculco,* Assistant District Attorney, for appellee.

OPINION BY ROSS, J., March 5, 1946:

On a charge of fornication and bastardy the defendant, Eugene Krynicky, aged 15 at the time, was convicted in the Court of Quarter Sessions of Westmoreland

County. Counsel for the defendant, before the jury was sworn, objected to the jurisdiction of the court on the ground that the defendant was a juvenile under 16 years of age and, therefore, should be tried in juvenile court. The objection was overruled and the jury returned a verdict of guilty. Subsequently, a motion in arrest of judgment was overruled by the court below, the defendant sentenced, and this appeal followed.

The case was started by information before a justice of the peace and the justice of the peace committed the defendant to juvenile court on May 10, 1944. The defendant denied the charge and Judge LAIRD, sitting as a juvenile court judge, determining that the welfare of the defendant and the State did not require his care, guidance and control and that the interests of the State required a prosecution, certified the case to the district attorney of Westmoreland County for the purpose of having the defendant tried in the court of quarter sessions.

The question before this court is whether or not a court of quarter sessions has jurisdiction to try and, after conviction, sentence, a child under 18 years of age on a charge of fornication and bastardy.

Section 18 of the Juvenile Court Act of June 2, 1933, P.L. 1433, 11 PS, section 260, provides: "Whenever any child, being above the age of fourteen years, has been held by any magistrate, alderman or justice of the peace for any offense other than murder, punishable by imprisonment in a State penitentiary, the judge of the juvenile court having jurisdiction, if, in his opinion, the interests of the State require a prosecution of such case on an indictment, may certify the same to the district attorney of the county, who shall thereupon proceed with the case in the same manner as though the jurisdiction of the juvenile court had never attached."

The appellant contends that because fornication and bastardy is an offense not punishable by imprisonment in a State penitentiary, the court of quarter sessions

does not have jurisdiction in this case. With that contention we do not agree.

In *Trignani's Case,* 150 Pa. Superior Ct. 491, 28 A. 2d 702, at page 493, this court, speaking through HIRT, J., stated: "The Juvenile Court Act (June 2, 1933, P.L. 1433, with its amendments, 11 PS 243) does not deprive the courts of quarter sessions and oyer and terminer of jurisdiction to try a delinquent child upon an indictment, cf. Com. v. Fisher, 213 Pa. 48, 54, 62 A. 198. But the juvenile court is given exclusive jurisdiction in the first instance, in cases affecting delinquent children under 18 years of age. Section 2, 11 PS 244 . . . in the exercise of its exclusive jurisdiction, it is for the juvenile court to determine, after hearing, 'whether the best interests and welfare of a child and the State require the care, guidance and control of such child'. ibid. 11 PS 250. If a delinquent is found to be a proper subject for reformation the child remains within the jurisdiction of the juvenile court to be dealt with by it. If the contrary appears and 'the interests of the State require a prosecution of such case on an indictment, [the juvenile court] may certify the same to the district attorney of the county, who shall thereupon proceed with the case in the same manner as though the jurisdiction of the juvenile court had never attached.' Act of 1933, supra, paragraph 18, 11 PS 260."

In the instant case the defendant was brought into juvenile court, charged with the commission of a criminal offense, which he denied. The purpose of the Juvenile Court Law is to provide care, guidance and control over neglected, dependent or delinquent children, and not for the trial of a child charged with a crime. A delinquent child can be tried only by a jury for a crime charged. *Commonwealth v. Fisher,* supra, 213 Pa. 48, 62 A. 198.

The juvenile court, therefore, properly divested itself of jurisdiction and certified the case to the district attorney for trial in the court of quarter sessions.

Judgment is affirmed.