Commonwealth ex rel. Hairston v. Banmiller

*Eugene Hairston*, p. p., for relator.

*Arlen Specter*, Assistant District Attorney, and *Paul M. Chalfin*, Assistant District Attorney, for Commonwealth.

GUERIN, J., March 13, 1961.—Petitioner sought a writ of habeas corpus. A rule to show cause why his petition should not be granted was allowed, and answers were filed by respondent Warden and the District Attorney of Philadelphia County. Upon hearing the petition was dismissed and the rule to show cause discharged.

On April 14, 1958, after a plea of guilty to a charge of aggravated robbery, relator was sentenced on bill no. 1051, August term, 1957, to a term of from 10 to 20 years in the Eastern State Penitentiary. Relator herein raises a number of objections to the legality of said sentence and his imprisonment thereunder, all of which are without merit.

Relator argues first that he was improperly restrained and incarcerated prior to his trial; these were properly matters for habeas corpus *at that time*. See Commonwealth ex rel. Corbin v. Banmiller, 391 Pa. 265, 270. Relator next argues that he was denied counsel of his own choice; that said counsel had no knowledge of the seriousness of the charge against him until date of trial. The record completely refutes this argument since relator's counsel had entered his appearance for him some months prior to trial. It is to be noted in this regard that at no time during his trial did relator raise any question or objection as to

his representation. Relator also contends that his imprisonment is illegal because his alleged accomplice was given a suspended sentence on the same bill of indictment. This is not sufficient reason to entitle relator to the writ since the sentence imposed upon him, and his imprisonment thereunder, were in all respects legal. See Commonwealth ex rel. Schenck v. Banmiller, 190 Pa. Superior Ct. 467, 470.

Finally, relator argues that his guilty plea was given under the impression that he was pleading guilty to the lesser crime of receiving stolen goods, and not to aggravated robbery; that this plea was entered as a direct result of the use of psychological pressure, deliberate fraud, coercion and promises of leniency, all of which improperly and unduly influenced him into signing a confession admitting his guilt. As to relator's argument that he inadvertently or ignorantly pleaded guilty to one crime, while believing himself to be pleading guilty to a lesser crime, it has been long established that this is not a matter properly presented in a proceeding upon a petition for a writ of habeas corpus. See Commonwealth ex rel. Sullivan v. Ashe, 325 Pa. 305, 310.

. The most serious charge raised herein by relator is his contention that his guilty plea was not freely given; that he was coerced into signing a confession. What we wrote in Commonwealth ex rel. Anthony Perpiglia v. William Banmiller, C. P. No. 2, September term, 1960, no. 2060, and now on appeal, is equally applicable to the instant matter. Here, as there, relator, under and with the advice of competent counsel, entered a plea of guilty to the offense charged; in neither case were conviction and sentence based on any alleged confession. In our opinion neither the petition nor the record makes out a case entitling relator to the relief afforded by habeas corpus, and thus, no hearing thereon is necessary.

For the above reasons the petition was dismissed and the rule to show cause discharged.

### Supplemental Opinion

GUERIN, J., March 14, 1961.—Further research has brought to our attention the case of Commonwealth ex rel. Roberts v. Keenan, 170 Pa. Superior Ct. 282, cert. denied 344 U. S. 841, which, in our opinion, is on all fours with the instant matter wherein petitioner complains that he was forced to sign a confession and plead guilty as the result of fraud and coercion, thus depriving him of due process.

It is to be noted in this regard that said alleged fraud and coercion occurred sometime prior to December 9, 1957, where at hearing petitioner, with competent legal representation, entered a plea of guilty. Between hearing and sentencing on April 14, 1958, and after dismissal of his motion for a new trial, petitioner raised no question himself, or through counsel, as to the propriety and voluntariness of his earlier plea. In the Roberts' case, supra, the court, in disposing of a similar petition, wrote at page 288:

"Relator avers in his petition that his illegal detention by the police, during which he was coerced into confessing, occurred for a period of 11 days following his arrest on November 4, 1944. He further states that he was committed to the Allegheny County jail on November 15, 1944. He makes no averment that he was subjected to any compulsion between the latter date and the time of the entry of his pleas and the imposition of sentence on March 5, 1945, almost four months later. Certainly during this extended period he had ample opportunity to repudiate the confession allegedly coerced and to advise his counsel of his desire to plead not guilty and to stand trial."