Commonwealth *v.* Stevenson, Appellant.

Argued March 21, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Cecil B. Moore,* for appellant.

*Arlen Specter,* Assistant District Attorney, with him *Charles Jay Bogdanoff,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

Opinion by Ervin, J., June 12, 1962:

On March 17, 1960 the defendant, Garrison Stevenson, had a preliminary hearing before the Hon. Theodore Spaulding sitting as a committing magistrate in the Juvenile Division of the County Court of Philadelphia. At the time of this hearing Stevenson, who was born November 22, 1942, was 17 years old. Judge Spaulding, sitting as a committing magistrate, held the defendant under $500.00 bail for a hearing in the Women's Criminal Division of the Municipal Court. While it might have been better for Judge Spaulding to have certified the case to the district attorney, as is provided under §18 of the Juvenile Court Act of June 2, 1933, P. L. 1433, 11 PS §260, it was nevertheless a binding over for trial in accordance with §11 of the Act of July 12, 1913, P. L. 711, as amended, 17 PS §694. In this particular case it was not necessary for the district attorney to present a bill of indictment to the grand jury for the reason that the defendant signed a statement addressed to the district attorney advising him that he "is willing to waive an indictment by a Grand Jury and requests that a bill of Indictment be prepared and that his plea of Guilty be entered thereon." No harm resulted to the defendant because the case was certified to the Women's Criminal Division of the Municipal Court, which was the court in Philadelphia County which had jurisdiction to try this type of case. In all counties of the Commonwealth, with the exception of Philadelphia and Allegheny Counties, the court of quarter sessions is the only court which has jurisdiction to try this type of case.

Appellant, in his brief, states that Judge Spaulding had not been certified as a Juvenile Court judge and therefore the Court of Quarter Sessions did not have jurisdiction of the case. There is nothing in the record to substantiate this charge. On the contrary, a certificate of the Clerk of the Juvenile Division of the Mu-

nicipal Court, now County Court, given March 13, 1962, states that on March 17, 1960 Judge SPAULDING was sitting in the Juvenile Court. In our opinion this was a proper certification by the Juvenile Court to the Criminal Division of the Municipal Court. Section 11 of the Act of July 12, 1913, P. L. 711, as amended, 17 PS §694, provides: "The judges of the said Municipal Court shall be ex officio justices of the peace." That section further provides: "When defendants are bound over for trial in any case, indictments may be presented against them before the grand jury in accordance with existing laws, which indictments may be tried either in existing courts or in the Municipal Court as the case may be. . . ." That section also provides that the Municipal Court shall have jurisdiction in all criminal actions and suits for penalties with the exception of certain major crimes, none of which are involved here.

Section 13 of the act imposes upon the Municipal Court the duty to try prosecutions which may be brought therein, those of which they have original jurisdiction "or which may be brought therein for trial by the district attorney. . . ." See also *Com. v. Weiner,* 67 Pa. Superior Ct. 558.

The attorney for the appellant seems to think that the Court of Quarter Sessions was the proper court to hear this case. We cannot agree with him. In Philadelphia County the Municipal Court, now County Court, is the proper court to hear this type of case.

By §§1 and 2 of the Act of July 17, 1961, P. L. 781, 17 PS §§705, 706, the name of the Municipal Court of Philadelphia was changed to County Court of Philadelphia and it was provided that "All jurisdiction, powers and duties conferred upon the Municipal Court of Philadelphia by any act of Assembly shall hereafter be exercised by the County Court of Philadelphia."

In *Com. v. Krynicky,* 158 Pa. Superior Ct. 633, 46 A. 2d 37, a Westmoreland County case, where a 15-year

old boy was brought into juvenile court and charged with the criminal offense of fornication and bastardy, we held that it was proper for the juvenile court to divest itself of jurisdiction and certify the case for trial in the court of quarter sessions, notwithstanding that fornication and bastardy were not punishable by imprisonment in a state penitentiary. A delinquent child can be tried only by a jury for a crime charged.

We are, therefore, of the opinion that the Criminal Division of the County Court clearly had jurisdiction of the subject matter of this case.

The defendant, Garrison Stevenson, was charged under §732 of the Act of June 24, 1939, P. L. 872, 18 PS §4732, with being the father of a child born out of lawful wedlock and wilfully neglecting or refusing to contribute reasonably to the support and maintenance of the child. On February 15, 1961 the defendant waived presentment of an indictment by the grand jury and upon arraignment pleaded guilty to this charge. The court, of its own motion, entered a plea of not guilty on a rape charge. On June 23, 1961 a petition was presented in behalf of the defendant to withdraw the plea of guilty theretofore entered on the neglect to support charge. The County Court, sitting in banc, on November 9, 1961 refused to permit the defendant to withdraw the plea of guilty theretofore entered. We quote with approval what was said by Judge BELOFF in his opinion for the court below: "The record indicates that the defendant was prepared to and did plead guilty to all charges. Because of the youth of the defendant, and under, perhaps, an over-abundance of caution, the court refused to accept a plea of guilty for rape, and ordered that on the charge of rape a plea of not guilty be entered. . . . The only question before us is whether the plea of guilty and our sentence on the neglect to support count against the defendant pertaining to the child, Gary, was proper under the circumstances. If

so, our refusal to allow the withdrawal of the guilty plea as to neglect to support was justified.

"We are of the opinion that both the plea and sentence here were proper and that no good reason has been shown us to grant this defendant's motion to withdraw his plea of guilty. See Commonwealth ex rel. Roberts v. Keenan, 170 Pa. Superior Ct. 282; Commonwealth ex rel. Hairston v. Banmiller, 194 Pa. Superior Ct. 612, affirming on the opinion of the court below reported at 23 Pa. D. & C. 2d 562. The defendant's plea was freely given, with, as we firmly believe, a full realization of the portent of the criminal acts he committed and the resultant obligations thereby devolving upon him. We did not deem it important or necessary to fine the defendant on the offense of fornication and bastardy. There was no coercion or persuasion used on the defendant to plead guilty to any or all of the charges lodged against him. There is no allegation or evidence that the defendant was subject to any compulsion to enter the plea he did. The court, seeing the defendant and questioning him, was of the belief that the defendant knew what he was doing and was fully cognizant and alert to the circumstances and implications of his case then and there existing, and, therefore, accepted his plea on the charge of neglect to support his child born out of wedlock."

We might add that at the time the defendant pleaded guilty he was 18 years of age. True it is that he had no counsel. The crime of neglect to support a child born out of wedlock does not present a complicated set of circumstances. Defendant must have known whether he had fathered the child and he certainly knew that he had not contributed to its support. We have read the entire record and do not believe that counsel, if present at the time of the entry of the plea of guilty, could have changed the result.

An application to withdraw a plea of guilty and to enter a substitute plea of not guilty is addressed to the discretion of the court before which the plea is entered and unless there has been a clear abuse of that discretion we will not reverse: *Com. v. Senauskas,* 326 Pa. 69, 191 A. 167; *Com. v. Todd,* 186 Pa. Superior Ct. 272, 275, 142 A. 2d 174.

Judgment of sentence affirmed.