**Atlantic States Insurance Co. v. King**

C.P. of Fayette County, no. 919 of 2005, G.D.

*Scott Millhouse,* for plaintiff.
*Todd Berkey,* for defendants.

SOLOMON, *J.,* August 30, 2006—Before the court is a motion for summary judgment filed by one of the defendants, Bonnijo Fesh. The motion alleges that no genuine issues of material fact exist and that, therefore, the defendant is entitled to judgment as a matter of law. After careful consideration of the record, the motion must be denied.

## BACKGROUND

This action arises from an incident that occurred on December 29, 2003, when Jamie Lynn King and Fesh were patrons at a bar in Mt. Pleasant, Pennsylvania. Outside the bar, Fesh approached King and a verbal confrontation ensued. Fesh then physically attacked King and was pulled off of King by another individual. King then proceeded to the automobile she was operating that evening, an automobile owned by her grandparents. King then drove it across the parking lot, striking Fesh. King

then backed the car up and drove forward over Fesh's leg and left the scene.

Fesh instituted a suit in Westmoreland County against King for negligence, seeking damages for the injuries she sustained. At the time of the incident, King was insured through an automobile insurance policy issued by the plaintiff to her biological grandparents and adoptive parents, Shelby and Donald King. That insurance policy includes the following provision excluding intentional injuries:

"Exclusions:

"(A) We do not provide liability coverage for any 'insured':

"(1) Who intentionally causes 'bodily injury' or 'property damage.'"

By reason of this provision, the plaintiff instituted this declaratory judgment action, claiming it is not responsible to provide coverage to King since, as the plaintiff alleges, King acted intentionally when she struck Fesh with her grandmother's car.

## DISCUSSION

Motions for summary judgment are governed by Pa.R.C.P. 1035.2, which provides:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Commonwealth,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). Further, summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits ... demonstrate that there exists no genuine issue of fact" and that the moving party is entitled to judgment as a matter of law. *Janson v. Cozen and O'Connor,* 450 Pa. Super. 415, 423, 676 A.2d 242, 246 (1996).

Under Rule 1035.2(2), if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101, 674 A.2d 1038, 1042 (1996). The non-moving party must adduce sufficient evidence on an issue essential to its case, and on which it bears the burden of proof, such that a jury could return a verdict favorable to the non-moving party, and may not rest upon the averments contained in its pleadings. *Amabile v. Auto*

*Kleen Car Wash,* 249 Pa. Super. 240, 376 A.2d 247 (1977). The non-moving party must also demonstrate that there is a genuine issue for trial. *Id.;* Pa.R.C.P. 1035.2(2). If the non-moving party fails to satisfy this burden, a genuine issue of material fact does not exist and the moving party is entitled to judgment as a matter of law. *Tenos v. State Farm Insurance Co.,* 716 A.2d 626 (Pa. Super. 1998).

In determining whether summary judgment should be granted, the court must examine the record, viewing all inferences in the light most favorable to the non-moving party, and resolving any doubt against the moving party. *Potter v. Herman,* 762 A.2d 1116 (Pa. Super. 2000). The court must also be aware that oral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact. *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932); *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). If the moving party has supported the motion with oral testimony only, the non-moving party may raise the defense that there is a genuine issue of material fact because the cause of action is dependent upon the credibility and demeanor of the witnesses who will testify at trial. *Id.*

This long-standing rule, and its modern application, are perhaps best summarized by the Superior Court in *Dudley v. USX Corp.,* 414 Pa. Super. 160, 606 A.2d 916 (1990), as follows:

"A review of [the precedents] demonstrates that there is an inherent three-step process involved in determining whether the *Nanty-Glo* rule applies so as to preclude a

grant of summary judgment. Initially, it must be determined whether the plaintiff has alleged facts sufficient to establish a prima facie case. If so, the second step is to determine whether there is any discrepancy as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the jury by resolving any material issues of fact.

"It is only when the third stage is reached that *Nanty-Glo* comes into play. Thus, it is true that *Nanty-Glo* precludes summary judgment where the moving party relies solely upon testimonial affidavits and depositions of his witnesses to resolve material issues of fact. However, if there are no material issues of fact, or if the non-moving party has failed, in the first instance, to allege facts sufficient to make out a prima facie case, then summary judgment may be granted properly, even if the moving party has only set forth the pleadings and depositions of his witnesses in support thereof . . . ." *Id.* at 168-69, 606 A.2d at 920.

With these principles to guide us, we will now consider the motion of the defendants for summary judgment.

In her motion for summary judgment, the defendant claims that there is no genuine issue of material fact as to King's state of mind, maintaining that, based upon the record, the only reasonable conclusion that can be made is that King did not act intentionally in striking or hitting Fesh with her vehicle.

Initially, in support of her claims, the defendant directs the court to her motion in limine. In her motion in limine, defendant argues that any opinions rendered by lay wit-

nesses in this case should be excluded based upon Pennsylvania Rules of Evidence 701, 704, and 403. Specifically, the defendant wants the court to exclude the opinions of several witnesses regarding whether King acted intentionally. The defendant contends that these witnesses are not qualified to offer opinions regarding King's state of mind at the time of the incident, and only King is qualified to offer testimony regarding her state of mind. The suggestion of the defendant is that the court rule on the motion in limine prior to ruling on the motion for summary judgment. We decline to do so at the present time.

However, even if this opinion testimony were to be excluded, there remains discrepancies in the record as to material facts so as to establish a genuine issue of material fact regarding the intent of King at the time of the incident.

Although a jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but must have evidence upon which, logically, its conclusion may be based, circumstantial evidence may be adequate to prove a plaintiff's case. It is not necessary that every fact or circumstance be established unerringly. *Deaver v. Miller,* 260 Pa. Super. 173, 177-78, 393 A.2d 1209, 1211 (1978). A party need not rely upon direct evidence to establish its case and may establish its entire case on circumstantial evidence. *Peugeot Motors of America Inc. v. Stout,* 310 Pa. Super. 412, 419, 456 A.2d 1002, 1005 (1983).

Intent is a fact and can be proved by circumstances as well as direct statements of one's state of mind. *Schauffler on behalf of NLRB v. United Association of Journeymen & Apprentices, etc.,* 230 F.2d 572, 576 (3d Cir.

1956); *Commonwealth v. Abney,* 195 Pa. Super. 317, 322, 171 A.2d 595, 598 (1961). "Where a specific intent constitutes an essential ingredient of the crime charged it must be established beyond a reasonable doubt to warrant a conviction. That may be done by direct or circumstantial evidence. It may be shown by indirect evidence, as well as direct, and may be gathered from all of the facts and circumstances in the case." *Schauffler on behalf of NLRB v. United Association of Journeymen & Apprentices, etc., supra* (quoting 2 Wharton Criminal Evidence §931 at 1625 (11th ed. 1935)).

Pennsylvania appellate courts have continually found that intent can be proven entirely by circumstantial evidence and may be inferred by the defendant's conduct. *Commonwealth v. Miller,* 897 A.2d 1281 (Pa. Super. 2006) (finding that specific intent to kill may be proved by wholly circumstantial evidence and may be inferred by the defendant's use of a weapon on a vital part of the victim's body); *Shared Communications Services v. Bell Atlantic Properties,* 692 A.2d 570 (Pa. Super. 1997) (establishing that intent to do an unlawful act by unlawful means and malice may be proven circumstantially in a civil conspiracy claim); *Commonwealth v. Simpson,* 316 Pa. Super. 115, 123, 462 A.2d 821, 825 (1983) (holding that the specific intent to commit a crime may be inferred from the defendant's words or conduct or from the circumstances of the case together with all reasonable inferences therefrom); *In Interest of J.L.,* 327 Pa. Super. 175, 475 A.2d 156 (1984) (finding that specific intent to cause bodily injury may be proved by circumstantial evidence).

The defendant's claim, in her brief in response to plaintiff's brief in opposition to the motion for summary

judgment, that any reliance on criminal cases to support the proposition that criminal evidence can be used to prove intent, is misplaced, and Pennsylvania case law reveals such. There have been many instances where the court has affirmed the use of circumstantial evidence to establish intent in insurance cases where the intent of the actor was a decisive issue. *Hilliard Lumber Co. v. Harleysville Mutual Casualty Co.,* 175 Pa. Super. 94, 103 A.2d 436 (1954) (establishing that in a civil case charging an insurer with liability under a theft policy, circumstantial evidence alone may be sufficient to prove larceny); *Germantown Insurance Co. v. Martin,* 407 Pa. Super. 326, 333, 595 A.2d 1172, 1175 (1991) (finding that circumstantial evidence such as choice of weapon, carrying of extra ammunition, driving to the right house, and shooting each person repeatedly relevant to whether the defendant expected or intended to cause serious harm to the victims). Our appellate court, in *Minnesota Fire and Casualty Co. v. Greenfield,* 805 A.2d 622, 625 (Pa. Super. 2002), explicitly declared that the intent of an actor can be inferred from the nature of the act. The court further noted that this concept is often seen in homicide cases, where intent may be properly inferred from the facts and circumstances of the crime. *Id.* at 625 n.1. The court recognized that it would be unbalanced to allow such an inference where the defendant may pay with his life, but to refuse such an inference in a civil dispute. *Id.*

For the purposes of the insurance policy provision at issue, excluding coverage for expected or intended injuries by the insured, "an insured intends an injury if he desired to cause the consequences of his act or if he acted knowing that such consequences were substan-

tially certain to result." *Stidham v. Millvale Sportsmen's Club,* 421 Pa. Super. 548, 563, 618 A.2d 945, 953 (1992). A close examination of the record here reveals conflicting evidence concerning whether King intended to cause injuries to Fesh. The record includes several eyewitness statements describing the incident which occurred on December 29, 2003. These statements reveal that prior to King hitting Fesh with her vehicle, the two parties were involved in a verbal and physical altercation. Fesh verbally confronted King and then physically attacked her. King then struck Fesh with her automobile, backed up, and ran over Fesh a second time. From this evidence, an inference can be made that King's striking and running over Fesh was done in retaliation for the earlier physical attack by Fesh, and was done intentionally.

Since her actions are more consistent with an intentional act rather than an accidental one, a reasonable inference is that King intended to injure Fesh. Furthermore, witnesses have testified that, after running over Fesh, King did not stop to assist Fesh, but instead fled the scene. The earlier physical attack, the sequence of events in which King hit and ran over Fesh, and King's actions after she ran over Fesh, are all strong pieces of circumstantial evidence which tend to point to the fact that King intended to strike and injure Fesh.

Conversely, the record also reveals that King has repeatedly declared in statements and testimony that she did not intend to run over Fesh and cause her injury, and that she did not know that she had struck Fesh with her vehicle. This direct evidence of King's state of mind is consistent with Fesh's theory that King did not act intentionally. However, since circumstantial evidence may be sufficient to contradict direct testimony, the evidence

in the record is sufficient from which a jury could infer that King desired to cause the injury to Fesh. *Peugeot Motors of America Inc. v. Stout, supra,* 310 Pa. Super. at 420, 456 A.2d at 1006.

The defendant's contention in her motion for summary judgment that the court only consider King's statements as to her state of mind presents major difficulties with regard to proof. See *Commonwealth of Pennsylvania v. Tyrrell,* 405 Pa. 210, 217, 174 A.2d 852, 855 (1961) ("A defendant's mind and intent cannot be photographed . . . ."). If the court adopted the defendant's suggestion in cases of this type, an insured would always be entitled to coverage unless she admitted that she intended to cause the injury which occurred. *United Services Automobile Association v. Elitzky,* 358 Pa. Super. 362, 373, 517 A.2d 982, 988 (1986). That court also expressed doubt that such testimony would be readily forthcoming. *Id.*

Finally, the defendant maintains in her motion for summary judgment that the only evidence the court should consider competent and credible evidence is the direct evidence consisting of the statements of King regarding intentionality. As explained *supra,* direct evidence is not the only competent evidence to be considered in this and similar cases. Most importantly, it is not for the court in ruling on a motion for summary judgment to weigh evidence and determine the truth of the matter. It is the role of the fact-finder to judge the credibility of evidence and resolve any material issues of fact, whether it be circumstantial evidence or direct testimony. *Peugeot Motors of America Inc. v. Stout, supra,* 310 Pa. Super. at 420, 456 A. 2d at 1006; *Dudley v. USX Corp., supra.*

Wherefore, we will enter the following order.

ORDER

And now, August 30, 2006, upon the record, it is hereby ordered and decreed that the motion of the defendant, Bonnijo Fesh, for summary judgment is denied.